**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4717**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN STEFAN VANDERHORST,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:17-cr-00865-RBH-1)

Submitted: June 17, 2021                                        Decided: July 14, 2021

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion. Judge Quattlebaum dissents.

William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Peter M. McCoy, Jr., United States Attorney, William C. Lewis, Assistant United States Attorney, Brook B. Andrews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Stefan Vanderhorst entered a conditional guilty plea to conspiracy to commit Hobbs Act robbery (Count 1), in violation of 18 U.S.C. § 1951; Hobbs Act robbery (Count 2), in violation of 18 U.S.C. §§ 2, 1951; discharge of a firearm during and in relation to a crime of violence (Count 5), in violation of 18 U.S.C. §§ 2, 924(c); and possession of a firearm by a convicted felon (Count 6), in violation of 18 U.S.C. § 922(g)(1). His plea preserved his right to challenge the district court's denial of his motion to dismiss Count 5. The district court sentenced Vanderhorst to an aggregate 660 months' imprisonment.

On appeal, Vanderhorst initially challenged the district court's denial of his motion to dismiss and the substantive reasonableness of his sentence. Following our review of the record, we also directed the parties to provide supplemental briefing addressing whether the district court committed procedural sentencing error by failing to adequately explain its reasons for rejecting Vanderhorst's mitigation arguments for a lower sentence. For the reasons that follow, we affirm in part, vacate in part, and remand for resentencing.

Initially, Vanderhorst argues that his conviction on Count 5 is invalid because Hobbs Act robbery cannot serve as a predicate "crime of violence" to support a 18 U.S.C. § 924(c) conviction. He asserts that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. He also contends that Hobbs Act robbery cannot qualify as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A) because it can be accomplished by the application of de minimis force or by placing someone in fear of injury to his person or property. Finally, he contends that Hobbs Act robbery and extortion are not divisible, as the jury instructions provided by the District of South Carolina in other

2

Hobbs Act robbery cases do not list robbery and extortion as separate offenses, but instead as means of violating § 924(c).

We review a district court's denial of a motion to dismiss an indictment de novo where, as here, it depends solely on questions of law. *United States v. Said*, 798 F.3d 182, 193 (4th Cir. 2015). Although Vanderhorst is correct that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), Vanderhorst's argument otherwise is foreclosed by binding precedent, *see United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery categorically qualifies as force clause crime of violence). Contrary to Vanderhorst's contention that Hobbs Act robbery and extortion are indivisible, "[t]he Hobbs Act is a divisible statute that prescribes two alternative methods of violating the Hobbs Act, namely, robbery and extortion." *Id.* at 265 n.23. The jury instructions on which Vanderhorst relies were not used in accepting his guilty plea and properly presented robbery and extortion as alternative elements of the offense. *See Mathis v. United States*, 136 S. Ct. 2243, 2253-54 (2016) (holding that statute is divisible, for purposes of modified categorical approach, when it lists alternative elements, not alternative means of satisfying element). Further, we "need not apply the modified categorical approach here, because the parties do not dispute and the record supports that [Vanderhorst] w[as] charged with and convicted of Hobbs Act robbery." *Mathis*, 932 F.3d at 265 n.23. Accordingly, we find no error in the court's denial of Vanderhorst's motion to dismiss the indictment.

Turning to Vanderhorst's sentence, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d

349, 351 (4th Cir. 2015) (internal quotation marks omitted). We first evaluate the sentence for procedural reasonableness, such as miscalculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the chosen sentence. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). Only if we find the sentence procedurally reasonable may we consider its substantive reasonableness. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). An "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (alterations and internal quotation marks omitted). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (alterations and internal quotation marks omitted).

In explaining a sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (alteration and internal quotation marks omitted). A district court's failure to give "specific attention" to

nonfrivolous arguments generally results in a procedurally unreasonable sentence. *Lewis*, 958 F.3d at 245 (internal quotation marks omitted). However, "this admonition focuses on the whole of a defendant's argument and does not require the court to address every argument a defendant makes." *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir.), *cert. denied*, 141 S. Ct. 382 (2020) (internal quotation marks omitted). Thus, where the court fully addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Nance*, 957 F.3d at 214.

While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Nor may it "assume that the court has silently adopted arguments presented by a party." *Nance*, 957 F.3d at 214 (internal quotation marks omitted). However, "in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *Arbaugh*, 951 F.3d at 174-75 (internal quotation marks omitted); *see United States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010). Ultimately, "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).

Our review of the record indicates that the court's explanation gave inadequate attention to several of Vanderhorst's nonfrivolous arguments—including his significant childhood trauma, his cognitive and emotional limitations, his immature brain development

5

due to his youth and resulting transient tendency toward impulsivity and recklessness, and the possibility of unwarranted sentencing disparities with his codefendants' sentences. Notably, Vanderhorst's nuanced argument regarding the delayed brain development of young adults was supported by both scientific data and Supreme Court authorities, yet appears to have received little or no consideration from the district court. Even viewing the court's explanation in the context of the sentencing hearing as a whole, we conclude that the record fails to provide sufficient contextual indicators to confirm that the court, in fact, considered these arguments or to illuminate its reasons for rejecting them. *See Nance*, 957 F.3d at 213; *Blue*, 877 F.3d at 519. Absent more, we are left to "guess at the district court's rationale" when factoring these considerations into its sentencing calculus, inhibiting our meaningful appellate review of the sentence. *See Ross*, 912 F.3d at 745 (internal quotation marks omitted). Thus, we conclude that the court procedurally erred in failing to provide further explanation when rejecting these arguments.

The Government alternatively contends that any deficiency in the court's explanation is harmless. A procedural sentencing error is harmless if it "did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted); *see Ross*, 912 F.3d at 745. Our

review of the record belies the Government's assertion that the court's failure to more explicitly consider or address these remaining arguments is harmless.[*]

Accordingly, we affirm Vanderhorst's conviction, vacate his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[*] Because we conclude that the sentence was procedurally unreasonable, we do not reach the parties' arguments regarding its substantive reasonableness. *See Provance*, 944 F.3d at 218. We therefore express no opinion as to the merits of Vanderhorst's arguments or the propriety of the 660-month term, leaving consideration of those issues to the district court on remand in the first instance.